United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MALINKA TUCUMA WADE MOYE,
Plaintiff,
v.
DANIEL MARC BONRSTEIN, et al.,
Defendants.

Case No. 26-cv-10907-KAW

**ORDER DENYING PERMISSION TO FILE COMPLAINT**

*Pro se* Plaintiff Malinka Moye has been declared a vexatious litigant and is subject to two pre-filing review orders. As relevant here, the second pre-filing review order requires Plaintiff to "obtain[] a pre-filing review" before filing "another civil complaint in the Northern District of California with substantially the same allegations regarding the alleged fraudulent transfer, embezzlement, or robbery of the Hurdle estate; [P]laintiff's alleged false imprisonment; defendants' alleged robbery, assault or attempted murder of [P]laintiff; conspiracy to murder [P]laintiff; or illegal concealment of a child." *See Moye v. City and Cnty. of San Francisco*, No. C09-03892 WHA at *4–5 (N.D. Cal. Dec. 21, 2009) ("2d Pre-Filing Order").

On September 24, 2026, Plaintiff attempted to file another complaint. ECF No. 1 ("Compl."). The Clerk of Court identified Plaintiff as a vexatious litigant, opened this case number, and referred the matter to the undersigned to determine whether the proposed complaint may be filed. For the reasons stated below, the Court DENIES permission to file the Complaint.

## I. BACKGROUND

Plaintiff's extensive litigation history is best summarized in prior orders imposing pre-filing review requirements. *See* 2d Pre-Filing Order at 2–3. Plaintiff was first declared a vexatious litigant in 2006, after filing nearly eighty actions in state court. *Id.* at 3. The San

United States District Court
Northern District of California

Francisco County Superior Court ordered Plaintiff not to file any new actions in state court without first obtaining leave of the court. *Moye v. Baca*, San Francisco County Superior Court Case No. CGC-06-450461 (Aug. 11, 2006). Between 2008 and 2009, Plaintiff proceeded to file over twenty actions in federal court, often naming the same defendants as those included in his state court actions. 2d Pre-Filing Order at 3.

On December 3, 2009, United States District Court Judge Marilyn H. Patel deemed Plaintiff a vexatious litigant and prohibited him from "fil[ing] any further papers in this action or fil[ing] any new action . . . without the prior authorization of this court." *Moye v. Collins*, No. C09-3893 MHP at 1 (N.D. Cal. Dec. 3, 2009) ("1st Pre-Filing Order"). On December 21, 2009, United States District Court Judge William Alsup issued a second pre-filing order requiring Plaintiff to "obtain[] a pre-filing review" before filing "another civil complaint in the Northern District of California with substantially the same allegations regarding the alleged fraudulent transfer, embezzlement, or robbery of the Hurdle estate; [P]laintiff's alleged false imprisonment; defendants' alleged robbery, assault or attempted murder of [P]laintiff; conspiracy to murder [P]laintiff; or illegal concealment of a child." 2d Pre-Filing Order.

Plaintiff now seeks to assert claims of asset seizure, forfeiture, bank levy, fraudulent conveyances, illegal occupancy, extortion, identity theft, RICO, mortgage loan fraud, money laundering, wrongful imprisonment, attempted murder, solicitation, stalking, assault, and tampering with the federal judiciary. Compl. at 4–6.

## II. LEGAL STANDARD

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Under the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction that courts may impose." *Id.* (citation and internal quotations omitted).

## III. DISCUSSION

Because Plaintiff's Complaint asserts claims of fraudulent conveyance, false imprisonment, assault, and attempted murder, it falls within the scope of the December 21, 2009 pre-filing review order. *See* 2d Pre-Filing Order at 5. Therefore, the Court must review Plaintiff's Complaint to determine whether it may be filed.

Plaintiff's disjointed Complaint fails to provide a comprehensive narrative of his allegations. Most of his claims are presented as sentence fragments or single words, unattributed to any of the named defendants. *See* Compl. at 5–6. Plaintiff's more detailed allegations claim that "Defendants laundered money . . . through three parcels" of land, and that Lydia Dianne Baca, who is not listed as a defendant, obstructed one of Plaintiff's previous lawsuits. *Id.* at 5. He also appears to allege that Vincent D. Sollini, who is not a named defendant, solicited Defendants to attempt to murder Plaintiff. *Id.* at 5. Plaintiff further claims that named defendant Daniel Bornstein threatened him in court and tried to force the Marshals to make a false arrest. *Id.* at 5–6. Plaintiff also alleges that Floyd David Andrews, who is not a named defendant, falsely imprisoned Plaintiff for over four years. *Id.* at 6. The Complaint also claims that Anthony L. Garrett, who is not listed as a defendant, falsely imprisoned Plaintiff and set him up for a fraudulent transfer of his property to an "extremist female sport apparel label." *Id.* at 6. Finally, the Complaint includes two unattributed claims of mortgage loan fraud totaling $2,600,000. *Id.*

Along with the Complaint, Plaintiff has attached twenty-nine pages of exhibits. The first page is an image of a document providing defendants Nicholas Bonn, Mark Edward Bonn, Swaiyah White, and Kinsley Kunn with a "24Hr Notice to Vacate." ECF No. 1-2 at 1. Four of the pages include images and information about defendant Daniel Bornstein's and Mark Bonn's occupations. *Id.* at 2–5. One of the exhibits includes an image of an unrelated email from a U.S. Marshal. *Id.* at 10. The remaining exhibits are full-page photographs of unidentified individuals, unidentified vehicles, and pictures taken from inside a government building. *Id.* at 6–9, 11–29.

The pre-filing order barred Plaintiff from filing another civil complaint with similar allegations of "fraudulent transfer, embezzlement, or robbery of the Hurdle estate; [P]laintiff's alleged false imprisonment; defendants' alleged robbery, assault or attempted murder of

United States District Court
Northern District of California

[P]laintiff; conspiracy to murder [P]laintiff; or illegal concealment of a child." 2d Pre-Filing Order. Many of Plaintiffs' claims are the same as those barred by the pre-filing orders. Although some of Plaintiff's allegations, such as his money laundering claims, may fall outside the bounds of the pre-filing order, the fragmented, incoherent nature of the Complaint prevents the Court from determining whether these allegations are distinct enough to avoid the pre-filing bar. Therefore, the Complaint cannot be allowed.

## IV. ORDER

For these reasons, vexatious, *pro se* Plaintiff Malinka Moye's Complaint shall not be accepted for filing.

**IT IS SO ORDERED.**

Dated: October 5, 2026

BETH LABSON FREEMAN
United States District Judge